IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | **Criminal No. 1:07-CR-00483** |
| **v.** : | |
| : | **(Chief Judge Kane)** |
| **ROBERT BLAKESLEE,** : | |
| : | |
| **Defendant** : | |

**MEMORANDUM**

Before the Court is Defendant's motion styled "Motion to Compel Enforcement of Accepted Plea Agreement." (Doc. No. 63.) The Government has not submitted any materials in response to the motion, and counsel for the Defendant represents in an attached certification of concurrence/non-concurrence that the United States "takes no position" on the motion. (Doc. No. 63-2.) For the following reasons, the motion will be denied.

**I.   BACKGROUND**

Defendant was charged by indictment on December 13, 2007, with three counts of receiving and possessing material constituting or containing child pornography in violation of 18 U.S.C. § 2252A. (Doc. No. 1.) The indictment also charged that the Defendant had been previously convicted for an offense under Chapter 110, which raised the applicable mandatory minimum sentences for these offenses. (Id.) On May 20, 2009, a plea agreement between the parties was filed with the Court. (Doc. No. 40.) The plea agreement provided in pertinent part that the Defendant would plead guilty to Count One of the indictment, the Government would move to dismiss the remaining counts, and that the Government and Defendant both agreed to a term of imprisonment of 15 years, the mandatory minimum sentence for a conviction under Count One. (Id. ¶¶ 1, 10.) The provision regarding the Defendant's term of imprisonment was expressly made under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, and allowed

Defendant to withdraw his guilty plea "[i]f at sentencing the court fails to accept the stipulations of the parties, or imposes a sentence greater than that agreed to by the parties . . . ." (Id.) With Defendant's consent, the parties appeared before Magistrate Judge J. Andrew Smyser on July 7, 2009, for a change of plea hearing, at which Defendant entered a plea of guilty to Count One of the Indictment. (Doc. No. 50 at 1.) Finding after a full colloquy with Defendant that all prerequisites for entering a valid guilty plea were met, Judge Smyser issued a Report and Recommendation ("R&R") recommending that the Court "enter an Order adjudging the defendant guilty of the offense." (Id. at 2.) Judge Smyser also ordered that the probation office conduct a presentence investigation and prepare a presentence report for disclosure to the parties by August 31, 2009. (Id.)

The Court adopted Judge Smyser's recommendation in an order issued on July 28, 2009, stating in the order that it "accepts the Guilty Plea of the Defendant . . . ." (Doc. No. 51.) Defendant appeared before the Court for sentencing on September 29, 2009, at which time the Court informed the Defendant pursuant to Rule 11(c)(5) that it rejected the plea agreement and ordered a short continuance of the proceedings so that he could consider whether to withdraw his guilty plea and proceed to trial. Defendant subsequently filed a motion requesting that the Court reconsider its rejection of the plea agreement, which the Court denied. (Doc. No. 60.) Now before the Court is Defendant's second motion seeking application of the plea agreement. (Doc. No. 63.)

## II. DISCUSSION

Federal Rule of Criminal Procedure 11 regulates plea agreements, and authorizes the Government, *inter alia*, to "agree that a specific sentence or sentencing range is the appropriate

2

disposition of the case . . . ." United States v. Bernard, 373 F.3d 339, 343 (3d Cir. 2004); Fed. R. Crim. P. 11(c)(1)(C). When the parties submit a Rule 11(c)(1)(C) plea agreement, the Court "may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report." Fed. R. Crim. P. 11(c)(3)(A). Any such stipulation becomes binding upon the Court, should the Court accept the plea agreement. Fed. R. Crim. P. 11(c)(1)(C). Procedure for Court acceptance of the plea agreement is set out by the rule, which provides: "[i]f the court accepts the plea agreement, it must inform the defendant that to the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the agreed disposition will be included in the judgment." Fed. R. Crim. P. 11(c)(4).

Defendant argues that because the Court "explicitly" accepted his binding plea agreement in adopting Judge Smyser's recommendation, it had no authority to subsequently reject it at the hearing held on September 29, 2009. (Doc. No. 63 at 2.) This argument misconstrues the extent of Judge Smyser's R&R and this Court's order adopting his recommendation primarily because Defendant fails to recognize the distinction between accepting a defendant's guilty plea to a crime charged and accepting a plea agreement made between a defendant and the Government. While a guilty plea and a plea agreement are necessarily not wholly independent from one another, they are not treated identically under the rules. See United States v. Hyde, 520 U.S. 670, 673-74 (1997) ("The Court of Appeals equated acceptance of the guilty plea with acceptance of the plea agreement, and deferral of the plea agreement with deferral of the guilty plea. Nothing in the text of Rule 11 supports these conclusions."). Instead, it is clear under the rules that "[g]uilty pleas can be accepted while plea agreements are deferred, and the acceptance of the two can be separated in time." Id.

3

Considering this distinction, the record conclusively demonstrates that the Court, while accepting Defendant's guilty plea, never accepted the binding plea agreement in its July 28 order. Even in his plea colloquy, Judge Smyser made it clear to the Defendant on two separate occasions that the determination on the issue of whether to accept or reject the binding plea agreement remained outstanding and would be made at his sentencing hearing by this Court:

> The Court: Now the plea agreement in this case provides that the Government and the Defendant have stipulated and agreed that a sentence at the 15-year mandatory minimum level under the statute will be imposed. The plea agreement also provides that the Defendant will be permitted to withdraw his guilty plea if Judge Kane does not determine and decide that such a sentence is an appropriate sentence. . . . Do you understand that?
>
> The Defendant: I understand, sir. Thank you. . . .
>
> The Court: You have entered into a plea agreement with the Government. The plea agreement contains a stipulation and agreement by the Government and yourself regarding your length of sentence. The terms agreed to are a 15-year term of imprisonment, followed by a lifetime of supervision. In the event that Chief Judge Kane decides not to impose this mandatory minimum sentence, you will have the right to withdraw from this agreement and to withdraw your guilty plea. Do you understand that?
>
> The Defendant: Yes, sir, I do.

(Change of Plea Transcript at 8-9, 15.) Additionally, nothing in Judge Smyser's colloquy with Defendant or in his R&R suggests that Judge Smyser had made any findings on the issue of whether to accept or reject the binding plea agreement. Indeed, Judge Smyser never even refers to the plea agreement in his R&R, which provides in its entirety:

> The defendant appeared before me on July 7, 2009 and entered a plea of guilty to Count I of the Indictment. The court conducted a full colloquy with the defendant and has determined the following: 1. That the defendant is fully competent and capable of entering an informed plea; 2. That the defendant is aware of the nature of the

4

> charges and the consequences of the plea; 3. That the plea of guilty is a knowing and voluntary plea; 4. That the plea is supported by an independent basis in fact containing each of the essential elements of the offense. On the basis of the foregoing, it is recommended that the court enter an Order adjudging the defendant guilty of the offense. By a separate Order, a presentence investigation was ordered with disclosure of the presentence report to the parties on or before August 31, 2009.

(Doc. No. 50.) As is clear, Judge Smyser's recommendation solely concerned the validity of Defendant's guilty plea to Count I of the indictment and not the propriety of the sentence mandated by the plea agreement. Therefore, Defendant's contention that Judge Smyser recommended that the Court accept the plea agreement is unsupportable.

There is also no language in this Court's order adopting Judge Smyser's recommendation that would suggest the plea agreement was accepted:

> WHEREAS, this 28th day of July, 2009, there being no objections filed to the Magistrate Judge's Report and Recommendation issued July 8, 2009, IT IS HEREBY ORDERED THAT this Court accepts the Guilty Plea of the Defendant and sets September 29, 2009, at 10:00 a.m., as the sentencing date in the above case. Said sentencing shall be held in front of Chief Judge Kane in Courtroom No. 4, Eighth Floor, Federal Building, Harrisburg, Pennsylvania.

(Doc. No. 51.) Contrary to the Defendant's contention, this order explicitly accepts only the Defendant's guilty plea as to Count I of the indictment; it makes no mention of the Court's decision on whether to accept or reject the binding plea agreement. Indeed, deferring decision on this issue was entirely appropriate and expressly contemplated by Rule 11 under these circumstances because the Court had not received a copy of the Defendant's presentence investigation report at the time it issued this order. See Fed. R. Crim. P. 11(c)(3)(A). There can also be no argument that the Court's silence was tantamount to accepting his plea agreement by implication. Rule 11 makes clear that to accept a binding plea agreement under 11(c)(1)(C) the

5

Court "must" inform the defendant that the agreed upon sentence will be included in the Court's final judgment. Fed. R. Crim. P. 11(c)(4).

Considering the above discussion, the Court rejects Defendant's contention that the Court is "judicially bound to sentence Mr. Blakeslee to the stipulated fifteen (15) year sentence." The Court did not accept Defendant's binding plea agreement in its July 28, 2009, order or at any other point prior to the September 29, 2009, hearing when the plea agreement was rejected. As such, the Court's rejection of that agreement will stand.

## III. CONCLUSION

For the foregoing reasons, the Defendant's motion to compel enforcement of his plea agreement (Doc. No. 63) will be denied. An order consistent with this memorandum will follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | Criminal No. 1:07-CR-00483 |
| v. : | |
| : | (Chief Judge Kane) |
| ROBERT BLAKESLEE, : | |
| : | |
| Defendant : | |

## ORDER

**AND NOW**, this 8th day of January 2010, upon consideration of Defendant's motion styled "Motion to Compel Enforcement of Accepted Plea Agreement," (Doc. No. 63), and for the reasons set forth in the Court's memorandum opinion filed herewith, **IT IS HEREBY ORDERED THAT** the motion is **DENIED**.

    s/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania