# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | : | |
|---|---|---|
| | : | Criminal No. 1:07-CR-00483 |
| v. | : | |
| | : | (Chief Judge Kane) |
| ROBERT BLAKESLEE, | : | |
| | : | |
| Defendant | : | |

## MEMORANDUM

Before the Court is a motion in limine filed by Defendant Robert Blakeslee ("Blakeslee") seeking to exclude any evidence of prior convictions to impeach pursuant to Rule 609 of the Federal Rules of Evidence. (Doc. No. 72.) The motion is ripe for consideration. For the following reasons, the motion will be granted.

## I. BACKGROUND

Blakeslee was charged by indictment on December 13, 2007, with three counts of receiving and possessing material constituting or containing child pornography in violation of 18 U.S.C. § 2252A. (Doc. No. 1.) The indictment also charged that Blakeslee had been previously convicted for an offense under Chapter 110, which raised the applicable mandatory minimum sentences for these offenses. (Id.) Trial in this matter is currently set to commence on April 5, 2010. On March 25, 2010, Blakeslee filed the present motion in limine. The Court will consider the motion as argued by the parties.

## II. DISCUSSION

Blakeslee argues that the Court should exclude evidence of four prior criminal convictions for purposes of impeachment. (Doc. No. 73 at 2.) In particular, Blakeslee seeks to exclude his: (1) March 1999 conviction for loitering and prowling at night, (2) July 1999 conviction for possession of child pornography, (3) April 2006 conviction for criminal trespass,

and (4) June 2006 convictions for criminal attempt to lure a child and criminal trespass. (Id.) Blakeslee argues that evidence of the prior convictions would be more prejudicial than probative of his veracity. (Id. at 4.) The Government opposes this contention and counters that, by testifying, Blakeslee will place his credibility in issue such that impeachment by these prior convictions would be highly probative. (Doc. No. 77 at 5-8.)

There does not appear to be any dispute between the parties that the prior crimes at issue are all considered felony convictions and that none involved dishonesty as contemplated under Rule 609(a)(2). Accordingly, the Court must conduct the balancing inquiry provided by Rule 609(a)(1), which provides that, for the purpose of attacking a defendant witness' character for truthfulness, "evidence that an accused has been convicted of . . . a crime [punishable by death or imprisonment in excess of one year] shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused . . . ." In undertaking the required balancing under Rule 609, the Court should consider: "(1) the kind of crime involved, (2) when the conviction occurred, (3) the importance of the witness' testimony to the case, and (4) the importance of the credibility of the defendant." Government of Virgin Islands v. Bedford, 671 F.2d 758, 761 (3d Cir. 1982); see also United States v. Greenidge, 495 F.3d 85, 97 (3d Cir. 2007). The Government bears the burden of persuading the Court that evidence of Blakeslee's prior convictions should be admitted for impeachment. Bedford, 671 F.2d at 761.

**A. Kinds of Crimes Involved**

Blakeslee argues that the first factor weighs against admission of these prior convictions for impeachment because the crimes involved do not specially reflect upon his veracity. (Doc.

No. 73 at 3.) Blakeslee further argues that, taken together, the prior convictions will unfairly prejudice him because they are "reflective of [his] sexually charged stalking-type behavior directed at juveniles." (Id. at 4.) The Government has not argued that the crimes in question are, by their nature, particularly probative of veracity, but has cited to cases from other Circuits for the proposition that mere similarity between past convictions and current charges should not render prior convictions inadmissible. (Doc. No. 77 at 6-7.)

### 1. Probative of Veracity

While Rule 609(a)(1) presumes that all felonies are somewhat probative of a witness' propensity to testify truthfully, "different felonies, even those that do not constitute *crimen falsi*, bear on credibility to varying degrees." United States v. Estrada, 430 F.3d 606, 616-17 (2nd Cir. 2005). Generally, "convictions which rest on dishonest conduct relate to credibility whereas those of violent or assaultive crimes generally do not." Id. at 618. Crimes of stealth, such as theft or burglary, have also been found to reflect a significant lack of credibility. Id. at 619. On the other hand, "crimes involving public morality, such as prostitution, may be less probative of veracity." Id.

Here, Blakeslee's criminal trespass conviction does bear somewhat more heavily on his veracity. Additionally, the child-luring charge is suggestive of an abuse of trust, bearing more heavily on veracity. The reflection on veracity of Blakeslee's loitering and prior child pornography convictions are less clear. Because the Government has not argued or cited to any authority suggesting that these convictions are especially probative of Blakeslee's character for truthfulness, the Court will not consider them to reflect an especially significant lack of veracity.

### 2. Prejudice

The type of crime also must be considered for prejudice to the defendant, however, as prior convictions for the same or similar crimes to the one charged enhance the potential that the jury will draw an impermissible propensity inference. See United States v. Hans, 738 F.2d 88, 93-94 (3d Cir. 1984) (upholding district court determination that prior conviction for assault with intent to commit armed robbery was too similar to the charge of bank robbery and therefore potentially prejudicial to the defendant). Here, the prior crimes, particularly the prowling, possession of child pornography, and child-luring convictions, involve the same or similar conduct as the new charges against Blakeslee. Despite this, a limiting instruction can be given to mitigate the potential prejudice.

**B. When the Conviction Occurred**

As the Government argues and Blakeslee concedes, the prior convictions are not remote in time from the present charges. (Doc. Nos. 73 at 4; 77 at 5.) Though two of the prior convictions at issue—March 1999 conviction for loitering and prowling at night and July 1999 conviction for possession of child pornography—occurred over ten years ago, Blakeslee is charged with committing the new offenses within two years of his release from confinement on these prior crimes.

**C. Importance of Testimony and Defendant's Credibility**

The Court will consider the third and fourth factors together. It would appear that Blakeslee's testimony could be extremely important to his defense, as he may be the only available witness to relate his account of his conduct. Of course, as an important witness, his credibility is also important for the jury to properly evaluate his testimony. The Court must consider, however, that the Government will be producing a great deal of testimony and exhibits

4

that will likely contradict any testimony Blakeslee may give. Given this array of evidence against him, the Court cannot find that every insight into Blakeslee's credibility is essential for the jury's determination of the issues. See United States v. Golson, Criminal No. 08-85, 2009 WL 89670, *6 (E.D. Pa. 2009) ("[T]his is not a classic 'he said–she said' scenario in which a lone witness on each side gives contradictory accounts, rendering every insight into the witnesses's credibility critical to the jury's ability to make basic factual determinations. . . . Indeed, the probative value of evidence of Golson's convictions to show his purported lack of veracity may not be significant for a jury that has already heard abundant contradictory government evidence which, if believed, necessarily reveals the same thing."). This determination is only bolstered by the Government's brief, which clearly demonstrates its belief that any testimony Blakeslee may give will be futile in the face of the evidence against him:

> In fact, it is difficult to imagine what [Blakeslee] would claim. He certainly can't claim he wasn't there or it wasn't him because he would have had to have provided notice and he has not. Moreover, he also can't claim any type of insanity defense because that would have also required pretrial notice. If he claims he wasn't looking for child pornography that claim is belied by the facts – he had it on him, and on the radio station computer, and on his computer and floppy disks at his residence. Moreover, his prior possession of child pornography conviction could be appropriately used to rebut such an assertion.

(Doc. No. 77 at 7-8); see also United States v. Johnson, 388 F.3d 96, 104 (3d Cir. 2004) (McKee J., concurring) ("The only evidence of Johnson's innocence was Johnson's own explanation of his presence at the scene of this carjacking. Nevertheless, the government argues that 'the defendant's credibility was central to the case.' It was certainly central to the defendant's case, but the government's brief suggests that it was not very important to the government's case. Given the government's contentions regarding Johnson's 'seemingly contrived account' that was

'dubious on its face,' and the 'consistent and persuasive' evidence against him, it is difficult to understand why the government insisted on eliciting the problematic testimony under Rule 609 in the first place.").

## III. CONCLUSION

Considering the requisite factors as discussed above, the Court cannot find that the probative value of these prior convictions on Blakeslee's veracity outweighs their prejudicial effect; evidence of the convictions will be precluded as impeachment against Blakeslee should he choose to testify. An order consistent with this memorandum will follow.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | Criminal No. 1:07-CR-00483 |
| v. : | |
| : | (Chief Judge Kane) |
| ROBERT BLAKESLEE, : | |
| : | |
| Defendant : | |

## ORDER

**AND NOW**, on this 5th day of April 2010, upon consideration of Defendant Robert Blakeslee's motion in limine to preclude impeachment with evidence of prior convictions (Doc. No. 72), and for the reasons set forth in the Court's memorandum opinion filed herewith, **IT IS HEREBY ORDERED THAT** the motion is **GRANTED**. Evidence of the following convictions will be precluded as impeachment against Blakeslee should he choose to testify: (1) March 1999 conviction for loitering and prowling at night, (2) July 1999 conviction for possession of child pornography, (3) April 2006 conviction for criminal trespass, and (4) June 2006 convictions for criminal attempt to lure a child and criminal trespass.

   S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania